**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STARR INDEMNITY & LIABILITY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: ) |
| COOK COUNTY, ILLINOIS, an Illinois governmental entity; TERRILL SWIFT; MICHAEL SAUNDERS; VINCENT THAMES; and HAROLD RICHARDSON, | ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT FOR DECLARATORY RELIEF**

NOW COMES Plaintiff, STARR INDEMNITY & LIABILITY COMPANY ("Starr"), by its undersigned attorneys, Cozen O'Connor, and for its Complaint for Declaratory Relief against the Defendants, COOK COUNTY, ILLINOIS, an Illinois governmental entity, TERRILL SWIFT; MICHAEL SAUNDERS; VINCENT THAMES and HAROLD RICHARDSON, states as follows:

**PARTIES**

1. Starr is incorporated in Texas with its principal place of business in New York, New York and is authorized to transact insurance business in the State of Illinois at all relevant times.

2. Cook County is an Illinois governmental entity with its principal place of business in Chicago, Cook County, Illinois.

3. Terrill Swift ("Swift") upon information and belief resides in Chicago, Cook County, Illinois. Swift is named herein solely as a party who may have an interest in the outcome of this dispute.

4. Michael Saunders ("Saunders") upon information and belief resides in Chicago, Cook County, Illinois. Saunders is named herein solely as a party who may have an interest in the outcome of this dispute.

5. Vincent Thames ("Thames") upon information and belief resides in Paducah, Kentucky. Thames is named herein solely as a party who may have an interest in the outcome of this dispute.

6. Harold Richardson ("Richardson") upon information and belief currently resides in South Bend, Indiana. Richardson is named herein solely as a party who may have an interest in the outcome of this dispute.

## JURISDICTION AND VENUE

7. Jurisdiction is proper under 28 U.S.C. §1332(a)(1) since this is an action between citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

8. Jurisdiction is also proper under 28 USC §2201(a) because a case of actual controversy exists in connection with the parties' rights and obligations under a certain insurance policy issued by Starr and this Court has jurisdiction to declare the rights and legal obligations of any interested party seeking relief.

9. Venue is proper in this Court pursuant to 28 USC §1391(b)(1) because one of the Defendants resides in Illinois and in this judicial district. Venue is also proper under 28 USC §1391(b)(2) because a substantial part of the events and transactions giving rise to the claim occurred in this judicial district.

**THE UNDERLYING LAWSUITS**

10. Currently pending before this Court is an action captioned *Richardson v. City of Chicago, et al.*, No. 12-cv-9184. In the First Amended Complaint filed January 12, 2017, Richardson alleges in material part that he and others were wrongfully convicted of the murder and rape of a woman named Nina Glover. As is pertinent to Starr's insured, Cook County, Richardson alleges that Fabio Valentini and Terence Johnson were Assistant State's Attorneys in the Felony Review Unit of the Cook County State's Attorney's Office and were "employed" by that office. It is further alleged that Valentini and Johnson both individually and in concert with others knowingly and intentionally caused and contributed to Richardson's wrongful conviction for the rape and murder of Ms. Glover. In addition to the Richardson case, the following additional cases arose out of the same events at issue in Richardson have been filed in this District: *Saunders v. City of Chicago, et al.*, 12 C 9158; *Thames v. City of Chicago, et al.*, 12 C 9170; and *Swift v. City of Chicago, et al.*, 12 C 9155. On November 6, 2012, the *Swift* case was dismissed and re-filed in the Circuit Court of Cook County, Illinois as Case No. 2012-L-012995. (True and correct copies of these suits are attached hereto as Exhibits A-D.)

11. In 1997 and 1998, Richardson was convicted and sentenced to 40 years in prison.

12. Swift and Saunders were similarly convicted with Swift sentenced to 36 years in prison and Saunders to 40 years in prison. Thames pleaded guilty and was sentenced to 30 years in prison.

13. On May 29, 2011, Richardson, Swift, Saunders and Thames filed a joint petition to vacate their convictions based upon the results of DNA testing conducted upon vaginal swab extracts collected from Ms. Glover post-mortem.

14. On November 16, 2011, the Circuit Court of Cook County granted the joint petition.

15. On September 14, 2012, the State of Illinois granted Richardson, Swift, Saunders and Thames a Certificate of Innocence pursuant to 735 ILCS 5/2-702.

## THE STARR POLICY

16. Starr issued a Special Excess Liability Policy For Public Entities to Cook County No. SISCPEL00000111 for the period February 28, 2011 to February 28, 2012. The Starr Policy issued to Cook County provides $10,000,000 limit of liability per Occurrence or Wrongful Act for any "one occurrence, wrongful act … or series of continuous, repeated, or related occurrences, wrongful acts … in excess of [the County's] retained limit. The designated retained limit under the Policy is $10,000,000 "any one occurrence or wrongful act" or series of continuous, repeated or related occurrences [or] wrongful acts."

17. The Starr Policy further provides in material part as follows:

**SPECIAL EXCESS LIABILITY POLICY FOR PUBLIC ENTITIES**

**SECTION I. COVERAGES**

**A. INSURING AGREEMENTS**

\* \* \*

**2. ERRORS AND OMISSIONS LIABILITY**

We will pay on your behalf those sums in excess of the **retained limit** that the insured becomes legally obligated to pay as damages to compensate others for loss arising out of your **wrongful act** to which this insurance applies and that takes place during the Policy Period and does not include any **claims** or **suits** arising out of arising out of your **wrongful acts** known or reported by you or anyone authorized by you to give or receive notice of **claims** or **suits** prior to the inception of this Policy.

\* \* \*

**B. DEFENSE**

1. We will have the right and duty to defend the insured against any **claim** or **suit** seeking damages for **bodily injury, property damage, personal and advertising injury, wrongful acts, employment practice liability wrongful acts** or **employee benefit wrongful acts** to which this insurance applies when the **retained limit** has been exhausted by payment to a third party of judgments, settlements or defense costs.

    **2.**    When we have no duty to defend, we will have the right to defend, or to participate in the defense of, the insured against any other suit seeking damages to which this insurance may apply. However, we will have no duty to defend the insured against any suit seeking damages for bodily injury, property damage, personal and advertising injury, wrongful acts, employment practice liability wrongful acts or employee benefit wrongful acts to which this insurance does not apply.

    **3.**    At our discretion, we may investigate any occurrence, wrongful act, employment practice liability wrongful act or employee benefit wrongful act that may involve this insurance and settle any resultant claim or suit for which we have the duty to defend. But:

        **a.**    The amount we will pay for damages is limited as described in **SECTION III. LIMITS OF INSURANCE**; and

        **b.**    Our right and duty to defend ends when we have used up the applicable Limit of Insurance in the payment of judgments, settlements or defense costs.

*　　*　　*

**SECTION II. WHO IS AN INSURED**

The following persons or organizations are insureds under this insurance:

**A.**    You;

**B.**    Any individual who was previously or is presently elected to appointed as an official of the Named Insured, including members of its governing body or any other agencies, districts, authorities, committees, trustees, boards, commissions, or similar entity of the Named Insured, but only with respect to their duties as an official of the Named Insured;

*　　*　　*

**SECTION IV. DEFINITIONS**

*　　*　　*

**O.**    **Municipality** means a legally incorporated or duly authorized association of inhabitants of a limited area limited to the following: city, town, county, village, township, parish, borough, hamlet, burgh, or state, and any special districts, authorities and bureaus directly related to such entities.

**P.**    **Occurrence** means as respects:

    **1.**    **Bodily injury** or **property damage**, an accident, including continuous or repeated exposure to substantially the same general harmful conditions. All such exposure to substantially the same general harmful conditions will be deemed to arise out of one **occurrence**.

    **2.**    **Personal and advertising injury**, an offense arising out of your business that causes **personal and advertising injury**. All damages that arise from the same, related or repeated injurious material or act will be deemed to

-5-

        arise out of one **occurrence**, regardless of the frequency or repetition thereof, the number or kind of media used or the number of claimants.

* * *

R.    **Personal and advertising injury** means injury, including consequential **bodily injury**, arising out of one or more of the following offenses:

    **1.**    False arrest, detention or imprisonment;

    **2.**    Malicious prosecution;

    **3.**    Oral or written publication, in any manner, of material that slanders or libels a person or organization, or disparages a person ore organization's goods, products or services;

* * *

V.    **Public Entity** refers to that **municipality**, governmental body, department, or unit, which is a Named Insured in the Declarations.

* * *

X.    **Retained limit** refers to the amount stated in the Declarations. This amount may consist of a self-insured retention, **underlying insurance**, or a combination thereof. The **retained limit** will be the sum of all damages for:

    **1.**    **Bodily injury, property damage** or **personal and advertising injury** arising out of each such **occurrence**;

    **2.**    Each such **wrongful act**;

    **3.**    Each such **employment practice liability wrongful act**; or

    **4.**    Each such **employee benefit wrongful act**.

In determining the **retained limit** that applies only one of the following will apply to the damages or losses of a **claim** or **suit** brought:

    **3.**    All **occurrences** arising out of continuous, repeated, or related **occurrences** shall be treated as a single **occurrence** and the **retained limit** in effect at the first **occurrence** shall apply.

    **4.**    All **wrongful acts** arising out of continuous, repeated, or related **wrongful acts** shall be treated as a single **wrongful act** and the **retained limit** in effect at the time of the first **wrongful act** shall apply.

* * *

**POLICY CHANGE ENDORSEMENT**

**Defined Personal Injury Endorsement**

A.    **For the purposes of this endorsement, paragraph** 2. ERRORS AND OMISSION LIABILITY **of** SECTION 1. COVERAGES **is replaced with the following:**

    2.    **We will pay on your behalf those sums in excess of the retained limit that the insured becomes legally obligated to pay as damages to compensate others for loss arising out of your** wrongful acts **or** personal injury liability **to which this insurance applies and that takes place**

-6-

        **during the Policy Person and does not include any** claims or suits **arising out of your** wrongful acts **or** personal injury liability **known or reported by you or anyone authorized by you to give or receive notice of** claims **or** suits **prior to the inception of the policy.**

B.     **For the purposes of this endorsement paragraph** E. 4. **Under** SECTION III. LIMITS OF INSURANCE **is replaced with the following:**

    4.     **The errors and omissions liability aggregate Limit of Insurance stated in the Declarations is the most we will pay for the sum of all damages arising out of all** wrongful acts **or** personal injury liability **other than any** personal and advertising injury.

C.     **For the purposes of this endorsement, the following is added to exclusion** G. **under** SECTION V. EXCLUSIONS:

        **This exclusion does not apply to liability arising from** personal injury liability **directly related to your performance or failure to perform as a** public entity.

D.     **For the purposes of this endorsement, the following is added to section** SECTION IV. DEFINITIONS:

    Personal injury liability **means:**

    1.     **False arrest, detention or imprisonment, malicious prosecution or concurrent and directly related assault and battery committed concurrently to such offenses provided:**

        (a)     **The criminal or civil charges forming the basis for the false arrest, detention or imprisonment, malicious prosecution or concurrent directly related assault and battery claim or suit is dismissed during the Policy Period; or**

        (b)     **The conviction of the claimant based on the false arrest, detention or imprisonment, malicious prosecution or concurrent directly related assault and battery is voided during the Policy Period; or**

        (c)     **In the event no criminal or civil charges are filed, the claimant arrested, detained or imprisoned is released from custody during the Policy Period;**

        (d)     **Prior to the inception of this Policy, no agent, servant, employee of the Cook County Risk Management department or anyone authorized by you to give or receive notice of** claims **or** suits **knew or could have reasonable foreseen that any actual or alleged false arrest, detention or imprisonment, malicious prosecution or concurrent and directly related assault and battery might be expected to result in a** claim **or** suit.

    **This endorsement applies to all** claims **or** suits **arising solely out of** personal injury liability, **regardless of the legal theory or cause of action alleged, including but not limited to, common law torts, violations of statutes, and violations of civil or constitutional rights. It is understood that this Policy provides no coverage for any** claims **or**

suits **arising out of** personal injury liability **offenses of false arrest, detention and imprisonment, malicious prosecution or concurrent and directly related assault and battery other than as provided in this endorsement.**

\* \* \*

**SECTION V. EXCLUSIONS**

E. This insurance does not apply to any liability for which you are obligated to pay damages by reason of assumption of liability in any contract or agreement. This exclusion does not apply to liability for damages:

\* \* \*

1. Assumed in a contract or agreement that is an **insured contract** provided the **bodily injury, property damage, personal and advertising injury** or **employment practice liability wrongful act** occurs subsequent to the execution of the contract or agreement; or

2. Liability for damages that you would have in the absence of the contract or agreement;

\* \* \*

G. This insurance does not apply to any liability arising out of criminal, fraudulent, dishonest or malicious acts or omissions committed by or at the direction of the insured. We may, at our sole discretion, agree to waive this exclusion in order to supply certain payments under Paragraph **C. DEFENSE COSTS** of **SECTION I. COVERAGES**. If the judgment or final adjudication is adverse to you, you will reimburse us for all defense costs.

This exclusion does not apply to liability from the managerial, advisory, supervisory, or controlling obligations of any insured over the actions of another insured;

\* \* \*

K. This insurance does not apply to any liability for injunctions, equitable relief, or any other form of relief other than the payment of money damages;

\* \* \*

(A true and correct copy of the Starr Policy is attached hereto as Exhibit E.)

## FIRST CLAIM FOR RELIEF
[WHO IS AN INSURED]

18. Starr re-alleges and incorporates by reference Paragraphs 1-17 above as though fully set forth herein.

19. Fabio Valentini and Terence Johnson were not at any time material to the allegations in the Underlying Lawsuits employees of Cook County. Instead, these defendants were at all times material employees of the State of Illinois. As such, these individuals do not qualify as insureds under the Starr policy, nor does any agreement by Cook County to indemnify these individuals alter their status as employees of the State of Illinois.

## SECOND CLAIM FOR RELIEF
[PLEADED IN THE ALTERNATIVE – EXCLUSIONS FOR CRIMINAL, FRAUDULENT, DISHONEST OR MALICIOUS ACTS OR OMISSIONS AND LIABILITY ASSUMED BY THE COUNTY]

20. Starr re-alleges and incorporates by reference Paragraphs 1-19 above as though fully set forth herein.

21. The allegations in the Underlying Complaints against the County, Fabio Valentini and Terence Johnson are excluded by the terms of the Starr policy.

## THIRD CLAIM FOR RELIEF
[PLEADED IN THE ALTERNATIVE – NUMBER OF OCCURRENCES]

22. Starr re-alleges and incorporates by reference Paragraphs 1-21 above as though fully set forth herein.

23. The allegations in the Underlying Complaint against the County, Fabio Valentini and Terence Johnson all arise out of the same, related or repeated injurious acts and all, therefore, arise out of one and the same occurrence.

24. An actual and justifiable controversy exists between Starr and Cook County concerning the claims asserted against the County, in the Underlying Complaints and whether the conduct alleged is covered under the Starr policy.

WHEREFORE, Starr Indemnity & Liability Company respectfully prays that this Honorable Court enter a Judgment:

    a.    Declaring that the terms and conditions of the Starr Policies do not obligate Starr to defend or indemnify Cook County with respect to the claims in the Underlying Complaints; and

    b.    Granting Starr such other and further relief as is just and equitable under the circumstances.

DATED this 24th day of February, 2017.

Respectfully submitted,

COZEN O'CONNOR

/s/ Steven D. Pearson
One of the Attorneys for Plaintiff,
STARR INDEMNITY & LIABILITY COMPANY

Steven D. Pearson (#6190506)
David L. Sanders (#6314667)
COZEN O'CONNOR
123 N. Wacker Drive
Suite 1800
Chicago, IL 60606
(312) 474-7900
(312) 474-7898 (fax)

LEGAL\29368845\1